Prestigiacomo v Prestigiacomo (2021 NY Slip Op 04383)





Prestigiacomo v Prestigiacomo


2021 NY Slip Op 04383


Decided on July 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING, JJ.


2019-13461
 (Index No. 604806/17)

[*1]Julie Prestigiacomo, et al., appellants,
v
Katie Prestigiacomo, respondent.


John Newman, Huntington, NY, for appellants.
Mahon, Mahon, Kerins & O'Brien, LLC, Garden City South, NY (Joseph A. Hyland of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), entered October 30, 2019. The order, insofar as appealed from, granted the defendant's cross motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 1997, Joseph Prestigiacomo, Sr. (hereinafter Joseph), and Katie Prestigiacomo (hereinafter Katie), who had married in 1987, and who both had children from prior marriages, entered into a postnuptial agreement to delineate the inheritance rights of their respective children (hereinafter the 1997 agreement). Joseph and Katie agreed, inter alia, that should Joseph die first, Katie would, insofar as practicable, maintain intact all of Joseph's testamentary assets during her lifetime, after which the assets would pass, in equal shares, to Joseph's four children, the plaintiffs in this action, and to Katie's daughter. The 1997 agreement provided that any modification of the agreement must be "in writing, witnessed and acknowledged and executed simultaneously by both parties."
In 1998, Joseph executed a will in which he revoked, among other things, all prior testamentary agreements, specifically including the 1997 agreement. From that time, Joseph executed several more wills in which he progressively made greater provision for Katie and lesser provision for the plaintiffs until, in his final 2012 will, he disinherited the plaintiffs entirely. In coordination with the estate plan set forth in his 2012 will, and on the advice of his attorney, Joseph transferred various assets held in his name to himself and Katie jointly. Joseph died in April 2013.
After Joseph's death, the plaintiffs commenced this action seeking, inter alia, to enforce the terms of the 1997 agreement as intended third-party beneficiaries of the agreement, which they contended had never been properly revoked. The plaintiffs moved for summary judgment on their first and second causes of action. Katie cross-moved for summary judgment dismissing the complaint on the ground that the 1997 agreement had been revoked. The Supreme Court denied the plaintiffs' motion and granted Katie's cross motion. The plaintiffs appeal from so much of the order as granted Katie's cross motion. We affirm insofar as appealed from.
An agreement between the parties to a marriage, including an agreement regarding testamentary provisions, will be valid and enforceable only if it is in writing, subscribed by the parties, and acknowledged or proven in the manner required to entitle a deed to be recorded (see Domestic Relations Law § 236[B][3]; Galetta v Galetta, 21 NY3d 186, 191; Matter of Koegel, 160 AD3d 11, 21). Here, the parties do not contest that the 1997 agreement was properly executed; instead, the dispute is whether the agreement was effectively revoked.
The record supports Katie's assertion that Joseph's 1998 will was properly executed, witnessed, and acknowledged; however, Katie failed to proffer evidence establishing that she simultaneously executed a document likewise revoking the 1997 agreement. Accordingly, notwithstanding explicit language in Joseph's 1998 will revoking the 1997 agreement, that document, standing alone, is not sufficient to meet Katie's prima facie burden to demonstrate that the parties satisfied the revocation requirements set forth in the 1997 agreement.
However, Katie also proffered evidence of wills that she and Joseph executed simultaneously in 2002 and in 2012, in which they each revoked all prior testamentary dispositions. Since the terms of Joseph's and Katie's 2002 and 2012 wills were inconsistent with the terms of the 1997 agreement, it is plain that they intended their revocations to encompass, among other things, the 1997 agreement. Thus, the Supreme Court correctly determined that Katie met her prima facie burden since the 2002 and 2012 wills satisfied the requirement that the revocation be in writing, witnessed and acknowledged, and executed simultaneously by both parties. Since the plaintiffs failed to rebut this showing, the court properly granted Katie's cross motion for summary judgment dismissing the complaint.
The plaintiffs' remaining contentions are without merit.
MASTRO, J.P., DUFFY, BRATHWAITE NELSON and DOWLING, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court